1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Yury Kapgan (Bar No. 218366)
2    yurykapgan@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone:    (213) 443-3000
4  Facsimile:    (213) 443-3100

5  Attorneys for Applicant
   QUALCOMM INCORPORATED
6

**FILED**

JUN 26 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7                **UNITED STATES DISTRICT COURT**

8          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9                      **SAN JOSE DIVISION**

10

*VKD*

**CV-18  80104MISC**

11  In re *Ex Parte* Application of          Miscellaneous Action No.
    QUALCOMM INCORPORATED,
12
    Applicant,
13                                          *EX PARTE* APPLICATION FOR AN
    For an Order Pursuant to 28 U.S.C. § 1782   ORDER PURSUANT TO 28 U.S.C. §1782
14  Granting Leave to Obtain Discovery from Apple   GRANTING LEAVE TO OBTAIN
    Inc. for Use in Foreign Proceedings.      DISCOVERY FOR USE IN FOREIGN
15                                          PROCEEDINGS AND SUPPORTING
                                            MEMORANDUM
16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ....................................................................................................1

II.   BACKGROUND ....................................................................................................2

III.  LEGAL STANDARD ............................................................................................4

IV.   ARGUMENT .........................................................................................................5

      A.    Qualcomm's Application Meets the Section 1782 Requirements .............5

      B.    The Supreme Court's *Intel* Factors Strongly Favor Granting Qualcomm's
            Application ................................................................................................6

            1.    Apple is a Party to the Foreign Proceeding but German Courts Have
                  Limited Ability To Order the Production of Documents ...............6

            2.    Qualcomm Seeks Highly Relevant Information That Will Assist the
                  Foreign Court ...............................................................................7

            3.    No Foreign Discovery Restrictions Bar Qualcomm's Requested
                  Discovery ......................................................................................9

            4.    Qualcomm's Discovery Is Narrowly Tailored to Avoid Undue
                  Burden .........................................................................................11

V.    CONCLUSION ....................................................................................................12

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

2

**Cases**

3

4

*Matter of Action & Prot. Found.,*
No. 14-CV-80076 MISC EMC (LB), 2015 WL 1906984 (N.D. Cal. Apr. 27, 2015) ................... 1

5

*In re Ambercroft Trading Ltd.,*
No. 18-MC-80074-KAW, 2018 WL 2867744 (N.D. Cal. June 11, 2018).................................... 1

6

7

*In re Apple Inc.,*
No. 3:18-CV-01055-W-KSC, Dkt.1 (S.D. Cal., May 29, 2018)...................................... 3, 6, 7, 11

8

*In re Apple Inc.,*
No. MISC 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) ..................... 1, 4, 5, 9, 10

9

10

*Cryolife, Inc. v. Tenaxis Med., Inc.,*
No. C08-05124 HRL, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009) ................................. 5, 7, 9, 10

11

*In re Esses,*
101 F.3d 873 (2d Cir. 1996) ........................................................................................................... 9

12

13

*In re Eurasian Nat'l Res. Corp.,*
No. 18-MC-80041-LB, 2018 WL 1557167 (N.D. Cal. Mar. 30, 2018)...................................... 10

14

*Euromepa S.A. v. R. Esmerian, Inc.,*
51 F.3d 1095, 1101 (2d Cir. 1995) ............................................................................................. 10

15

16

*In re Gianasso,*
No. C 12-80029 MISC SI, 2012 WL 651647 (N.D. Cal. Feb. 28, 2012) ...................................... 4

17

*In re Google Inc.,*
No. 14-MC-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) .............................. 8, 10

18

19

*Heraeus Kulzer, GmbH v. Biomet, Inc.,*
633 F.3d 591 (7th Cir. 2011)............................................................................................... 7, 9, 10

20

*Intel Corp. v. Advanced Micro Devices, Inc.,*
542 U.S. 241 (2004) .................................................................................. 2, 3, 4, 5, 6, 7, 9, 11, 12

21

22

*IPCom GmbH & Co. KG v. Apple Inc.,*
61 F. Supp. 3d 919 (N.D. Cal. 2014) ................................................................................... 1, 3, 5

23

*In re LG Elect. Deutschland GmbH,*
No. 12-CV-1197-LAB (MDD), 2012 WL 1836283 (S.D. Cal. May 21, 2012)............................ 4

24

25

*Metallgesellschaft v. Hodapp,*
121 F.3d 77 (2d Cir. 1997) .......................................................................................................... 11

26

*Minatec Fin. S.A.R.L. v. SI Group Inc.,*
No. 1:08-CV-269 LEK/RFT, 2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) .................... 5, 9, 10

27

*In re Ontario Principals' Council,*
No. 13-MC-80237-LHK-PSG, 2013 WL 6073517 (N.D. Cal. Nov. 8, 2013)............................. 8

28

*In re Procter & Gamble Co.*,
  334 F. Supp. 2d 1112 (E.D. Wis. 2004) ........................................................................................ 10

*In re Republic of Ecuador*,
  No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) ......... 1, 4, 8

*In re Roebers*,
  No. C12-80145 MISC RS (LB), 2012 WL 2862122 (N.D. Cal. July 11, 2012)........................ 1, 6

*Siemens AG v. Western Digital Corp.*,
  No. 8:13-CV-01407-CAS (AJWx), 2013 WL 5947973 (C.D. Cal. Nov. 4, 2013)........................ 7

*In re Varian Med. Sys. Int'l AG*,
  No. 16-MC-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ................................. 5, 10

**Statutory Authorities**

28 U.S.C. § 1782 ............................................................................................................... passim

28 U.S.C. § 1782(a) .......................................................................................................... 3, 4, 5, 6

1    Qualcomm Incorporated ("Qualcomm") applies to the Court *ex parte* for an order pursuant
2   to 28 U.S.C. § 1782 granting Qualcomm leave to obtain targeted discovery from Apple Inc.
3   ("Apple") for use in foreign proceedings.  This application is brought on an *ex parte* basis
4   pursuant to Civil L.R. 7-10.  This Court has expressly authorized, and routinely accepts, *ex parte*
5   applications for 28 U.S.C. § 1782 discovery.  *See, e.g.*, *Matter of Action & Prot. Found.*, No. 14-
6   CV-80076 MISC EMC (LB), 2015 WL 1906984, at *6 (N.D. Cal. Apr. 27, 2015); *IPCom GmbH*
7   *& Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014).[1]  This application is supported
8   by the memorandum of points and authorities below and the Declaration of Yury Kapgan
9   ("Kapgan Decl."), filed concurrently herewith.  The proposed order and the subpoena to be served
10  on Apple are attached to this application as Exhibits 1 and 2, respectively.

11  **I.    INTRODUCTION**

12   Pursuant to 28 U.S.C. § 1782, Qualcomm seeks from Apple narrowly tailored discovery
13  directly related to two categories of defenses and counterclaims Apple has raised in foreign patent
14  infringement proceedings pending in the Mannheim and Munich District Courts in Germany (the
15  "German Proceedings"), specifically, Apple's defenses to Qualcomm's patent infringement claims
16  and Apple's counterclaims relating to licensing and alleged anticompetitive practices.  (Kapgan
17  Decl. ¶ 8.)  This discovery is directly relevant to disputed issues in the German Proceedings, is in
18  the possession of Apple in the United States, and cannot be obtained in the German Proceedings.

19

20   [1]  *See also In re Ambercroft Trading Ltd.*, No. 18-MC-80074-KAW, 2018 WL 2867744, at *3
21  (N.D. Cal. June 11, 2018) ("Section 1782 petitions . . . have regularly [been] reviewed on an *ex parte* basis" (quotation omitted)); *In re Roebers*, No. C12-80145 MISC RS (LB), 2012 WL
22  2862122, at *2 (N.D. Cal. July 11, 2012) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782.") (citation omitted); *In re Apple Inc.*, No. MISC 12-80013
23  JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) ("Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use
24  in a foreign legal proceeding, unless the disclosure would violate a legal privilege.") (citations
25  omitted); *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) ("It is common for the process of presenting the request to a court
26  and to obtain the order authorizing discovery to be conducted *ex parte*.  Such *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery
27  taken pursuant to the request and will then have the opportunity to move to quash the discovery or
28  to participate in it.") (internal quotations and citations omitted).

-1-
*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1    Section 1782 specifically authorizes the discovery sought by Qualcomm. Accordingly,

2    Qualcomm seeks the issuance of a subpoena as set forth in Exhibit 2.

3    **II.**    <u>**BACKGROUND**</u>

4       Headquartered in San Diego, Qualcomm sells baseband chipsets for use in mobile

5    phones and other cellular-enabled devices and licenses its portfolio of patented cellular and

6    other technologies to the makers of those devices. (Kapgan Decl. ¶ 11.) Apple has been a

7    customer of Qualcomm baseband chipsets for certain of its iPhone and iPad products, which it

8    purchases from third party manufacturers (the "Contract Manufacturers") that are licensed to

9    sell such products and that manufacture cellular devices for Apple. (*See id.* ¶ 12.) In the

10   German Proceedings, Qualcomm asserts that Apple's mobile devices, including the iPhone 7 and

11   7 Plus, iPhone 8 and 8 Plus, and iPhone X, infringe Qualcomm patents,[2] and Apple raises several

12   defenses and counterclaims in response. (Kapgan Decl. ¶¶ 3-4.) With this application,

13   Qualcomm seeks discovery from Apple for use in rebutting particular defenses and claims that

14   Apple has made in the German Proceedings. (Kapgan Decl. ¶¶ 5-8.) Under 28 U.S.C. § 1782,

15   parties such as Qualcomm may obtain discovery for use in foreign litigations from companies

16   located within the United States.

17       For the German Proceedings, Qualcomm seeks two narrowly tailored categories of

18   discovery from Apple: (1) discovery regarding Apple's defenses to infringement; and (2)

19   discovery regarding Apple's counterclaims relating to licensing and alleged anticompetitive

20   practices. The non-exclusive factors the Supreme Court set forth for evaluating Section 1782

21   requests in *Intel Corp. v. Advanced Micro Devices, Inc.* clearly support Qualcomm's requests.

22   542 U.S. 241, 264-65 (2004). Indeed, Apple itself is seeking similar discovery from Qualcomm

23   for use in the same German Proceedings in a Section 1782 application that it recently filed in

24

25

26

---

27    [2] The asserted patents include European Patent Nos. 2,954,737, 2,24,461, 1,199,760,
1,955,529, 3,094,067, 1,956,806, 3,054,658, 3,036,768, 2,460,270, 1,988,602, 2,856,808,

28   2,499,640, and 1,864,151. (Kapgan Decl. ¶ 4.)

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

the Southern District of California.[3]  (Kapgan Decl. ¶ 6.)  *See Intel*, 542 U.S. at 243 (citing

"parity between litigants" as "legitimate touchstones for a district court's exercise of

discretion" in considering Section 1782 applications).  Many courts have granted Section 1782

applications for use in the same type of German proceedings as those at issue here.  *See Intel*,

542 U.S. at 249-50, 264, 269-71 (finding that the type of proceedings and nature of the foreign

tribunal is a factor that cuts across several of the statutory and *Intel* factors).  Lastly, the

discovery requests are narrowly tailored for use in rebutting Apple's own allegations and are not

unduly intrusive or burdensome.  *See id.* at 264-65.  Producing documents in the foregoing

categories should impose little burden on Apple, as Apple should have previously produced most

of these documents in other litigations currently pending between Apple and Qualcomm in the

International Trade Commission and before other U.S. district courts.  (Kapgan Decl. ¶¶ 5-7.)

      Qualcomm's application further satisfies Section 1782's three threshold statutory

requirements.  First, Apple resides in this District.  *See, e.g., IPCom*, 61 F. Supp. 3d at 922 (Apple

"resides" in the Northern District of California for the purposes of § 1782).  Second, the discovery

is sought for "proceeding[s] in [] foreign . . . tribunal[s]," 28 U.S.C. § 1782(a), including in at least

the Munich and Mannheim District Courts in Germany.  (Kapgan Decl. ¶ 8.)  Finally, Qualcomm

qualifies as an "interested person" in the German Proceedings, because it is a party in those cases.

*See id.*; *Intel*, 542 U.S. at 241, 256 ("No doubt litigants are included among, and may be the most

common example of, the 'interested persons' who may invoke § 1782.").

---

[3]  "In support of its defenses to the actions filed by Qualcomm against Apple in Germany, Apple seeks three narrowly tailored categories of discovery from Qualcomm: (1) discovery regarding the existence of a premium baseband chip market and its scope, including any Qualcomm internal communications regarding the existence of such a market; (2) discovery regarding Qualcomm's testing to determine if Apple's products incorporate the alleged invention of European Patent Nos. 2,954,737, 2,724,461, 1,199,760, 1,955,529, 3,094,067, 1,956,806, 3,054,658, 3,036,768, or 2,460,270, or their U.S. counterparts or other related patents; and (3) discovery regarding Qualcomm's licensing agreements with Apple's iPhone manufacturers."  *In re Apple Inc.*, Case No. 3:18-CV-01055-W-KSC, Dkt. 1 at 2 (S.D. Cal., May 29, 2018); Kapgan Decl. ¶ 6 and Exhibit A thereto.

1    Accordingly, Qualcomm respectfully requests that the Court enter the order attached as

2  Exhibit 1, allowing Qualcomm to serve Apple with the subpoena attached as Exhibit 2.

3  **III.    LEGAL STANDARD**

4    "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to

5  provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel*, 542 U.S.

6  at 247.  Over time, Congress has "substantially broadened the scope of assistance federal courts

7  could provide for foreign proceedings." *Id.* at 247-49; *In re Republic of Ecuador*, No. C-10-

8  80225, 2010 WL 3702427, at *1, *5 (N.D. Cal. Sept. 15, 2010) (granting § 1782 application and

9  noting that the statute's two aims are "providing efficient means of assistance to participants in

10  international litigation in our federal courts and encouraging foreign countries by example to

11  provide similar means of assistance to our[s]"); *In re LG Elect. Deutschland GmbH,* No. 12-CV-

12  1197-LAB (MDD), 2012 WL 1836283, at *3 (S.D. Cal. May 21, 2012) ("[because] our courts

13  favor broad discovery generally, the Court will authorize the issuance of the requested subpoena

14  [under § 1782]").  Section 1782 provides in part:

15        The district court of the district in which a person resides or is found
          may order him to give his testimony or statement or to produce a
16        document or other thing for use in a proceeding in a foreign or
          international tribunal. . . . The order may be made . . . upon the
17        application of any interested person and may direct that the
          testimony or statement may be given, or the document or other thing
18        be produced, before a person appointed by the court.

19  28 U.S.C. § 1782(a).  The statute thus sets forth three requirements that authorize a district court to

20  grant a Section 1782 application: where "(1) the discovery is sought from a person residing in the

21  district court to which the application is made; (2) the discovery is for use in a proceeding before a

22  foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested

23  person.'" *In re Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2,

24  2012); *see also In re Gianasso*, No. C 12-80029 MISC SI, 2012 WL 651647, at *2 (N.D. Cal. Feb.

25  28, 2012); *In re Republic of Ecuador*, 2010 WL 3702427, at *2.

26    The Supreme Court has articulated several non-exclusive factors to help district courts

27  determine how to exercise their discretion in granting Section 1782 applications, including "(1)

28

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1   whether 'the person from whom discovery is sought is a participant in the foreign proceeding', (2)

2   'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the

3   receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial

4   assistance'; (3) whether the request is 'an attempt to circumvent foreign proof-gathering

5   restrictions or other policies of a foreign country or the United States'; and (4) whether the

6   discovery is 'unduly intrusive or burdensome.'" *In re Apple Inc.*, 2012 WL 1570043, at *1

7   (quoting *Intel*, 542 U.S. at 264-65); *see also Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124

8   HRL, 2009 WL 88348, at *1-2 (N.D. Cal. Jan. 13, 2009).

9   **IV.   ARGUMENT**

10         Each of the statutory factors weighs in favor of granting Qualcomm's application.  The

11   Supreme Court's discretionary factors articulated in *Intel* also favor the granting of Qualcomm's

12   application.

13         **A.   Qualcomm's Application Meets the Section 1782 Requirements**

14         Qualcomm's request for discovery meets all three statutory requirements.

15         *First*, Apple is a California corporation headquartered at 1 Infinite Loop, Cupertino,

16   California.  (Kapgan Decl. ¶ 7.)  As such, Apple resides in this District.  *See, e.g., IPCom*, 61 F.

17   Supp. 3d at 922 (Apple "resides" in the Northern District of California for the purposes of § 1782).

18         *Second*, the discovery is sought for use in a "proceeding before a foreign tribunal."  28

19   U.S.C. § 1782(a).  The Mannheim and Munich District Courts in Germany and related foreign

20   adjudicative bodies qualify as "tribunals" for purposes of Section 1782.  *See, e.g., In re Varian*

21   *Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *1,*7-*8 (N.D. Cal. Mar.

22   24, 2016) (permitting discovery for use in patent infringement suit pending in Mannheim

23   District Court); *Cryolife, Inc.*, 2009 WL 88348, at *1, *5 (permitting discovery for use in patent

24   infringement suit pending in "Dusseldorf Regional Court in Germany"); *In re Minatec Fin.*

25   *S.A.R.L. v. SI Group Inc.*, Civ. No. 1:08-CV-269 LEK/RFT, 2008 WL 3884374, at *9

26

27

28

1 (N.D.N.Y. Aug. 18, 2008) (permitting discovery for use in litigation pending in the Regional

2 Court in Frankfurt, Germany).[4]

3    *Third*, as a named party in the German Proceedings, Qualcomm qualifies as an "interested"

4 party. 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the

5 'interested person[s]' who may invoke § 1782"); *In re Roebers,* No. C12-80145 MISC RS LB,

6 2012 WL 2862122, at *3 (N.D. Cal. July 11, 2012) ("there is no question that Ms. Roeber is an

7 'interested person' as she is a litigant in the proceeding").

8    Apple has asserted that this same set of statutory factors are met in its Section 1782

9 application recently filed in the Southern District of California seeking discovery from

10 Qualcomm for use in the German Proceedings. *See In re Apple Inc.*, Case No. 3:18-CV-01055-

11 W-KSC, Dkt. 1 at 2 (S.D. Cal. May 29, 2018); Kapgan Decl. ¶ 6 and Exhibit A thereto.

12    Accordingly, Qualcomm has satisfied the statutory requirements for an application under

13 28 U.S.C. § 1782.

14    **B.    The Supreme Court's *Intel* Factors Strongly Favor Granting Qualcomm's Application**

15    The discretionary factors identified by the Supreme Court in *Intel* also weigh heavily in

16 favor of the Court granting Qualcomm's request for discovery.

17    1.    Apple is a Party to the Foreign Proceeding but German Courts Have

18        Limited Ability To Order the Production of Documents

19    The *Intel* Court asks whether "the person from whom discovery is sought is a participant in

20 the foreign proceeding." 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding

21 may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the

22 United States, may be unobtainable absent § 1782 aid"). This factor arose out of the Supreme

23 Court's concern that a party to foreign litigation would use Section 1782 to obtain discovery in the

24 U.S. that it could just as easily have obtained from the foreign tribunal. *See id.* (finding that "the

25

26

27    [4] All of these cases involved production of discovery for use in German civil courts of first instance, called "Landgericht" in German and translated as either "Regional Court" or

28 "District Court."

1    need for § 1782(a) generally is not as apparent" when the party from whom discovery is sought is

2    a party to the foreign proceeding because "[a] foreign tribunal . . . can itself order them to produce

3    evidence."). However, courts have routinely granted Section 1782 applications for pursuit of

4    discovery of parties to actions in Germany, finding the first *Intel* factor to be neutral, as German

5    courts do not allow the same degree of early discovery as is allowed in the United States. *See,*

6    *e.g.*, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (authorizing

7    Section 1782 discovery because German litigant could not "obtain even remotely comparable

8    discovery by utilizing German procedures"); *Cryolife, Inc.*, 2009 WL 88348, at *2-*3, *5 (finding

9    that the first Intel factor is neutral with respect to litigation in German district courts); *Siemens AG*

10   *v. Western Digital Corp.*, No. 8:13-CV-01407-CAS (AJWx), 2013 WL 5947973, at *2 (C.D. Cal.

11   Nov. 4, 2013) (same).

12        Indeed, in its own Section 1782 application, Apple likewise seeks discovery from

13   Qualcomm in Germany despite Qualcomm being a party to the proceedings, arguing that this

14   factor is neutral with respect to German courts. *In re Apple Inc.*, Case No. 3:18-CV-01055-W-

15   KSC, Dkt. 1 at 6-7 (S.D. Cal., May 29, 2018) (arguing that "courts in this circuit have found that

16   this factor is neutral when the foreign tribunal is a German court . . . ."); Kapgan Decl. ¶ 6 and

17   Exhibit A thereto.

18        2.    Qualcomm Seeks Highly Relevant Information That Will Assist the Foreign
           Court
19

20        The *Intel* Court advised courts to "take into account the nature of the foreign tribunal, the

21   character of the proceedings underway abroad, and the receptivity of the foreign government or

22   the court or agency abroad to U.S. federal-court judicial assistance." 542 U.S. at 264. In the

23   German Proceedings, Qualcomm asserts that various Apple devices infringe Qualcomm patents,

24   and in response, Apple raises several defenses to infringement and counterclaims related to alleged

25   anticompetitive activity.

26        First, Apple contends in the German Proceedings that it does not infringe Qualcomm's

27   patents and that Qualcomm's infringement claims are a pretext to punish Apple for furthering

28

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1   competition and to coerce Apple to exclusively source chipsets from Qualcomm. (Kapgan Decl.

2   ¶ 8.) In response to these allegations, Qualcomm seeks discovery responsive to three requests

3   narrowly tailored to rebut these contentions and to support Qualcomm's infringement case,

4   including discovery related to the testing, design, and features and functionalities of accused

5   products. *See* Ex. 2, Subpoena to Apple, Requests 1-3, Infringement Allegations.

6         Second, Apple also contends in the German Proceedings that Qualcomm holds a dominant

7   position in the relevant market and has achieved and protected this market position by employing

8   anticompetitive licensing practices. (Kapgan Decl. ¶ 8.) In response to these allegations,

9   Qualcomm seeks limited discovery responsive to eight requests relating to Apple's understanding

10  of its Contract Manufacturers' licenses with Qualcomm and the existence and scope of the alleged

11  market, including discovery of Apple's licenses with Contract Manufacturers, Apple's SEP and

12  Non-SEP licenses[5] with other third-party component suppliers, Apple's role in antitrust

13  investigations into Qualcomm, and Apple's role in the alleged market. *See* Ex. 2, Subpoena to

14  Apple, Requests 4-11, Licensing and Competition Allegations. Many of these documents should

15  have already been produced in pending U.S. litigations. (Kapgan Decl. ¶¶ 5-7.) Discovery in

16  these categories would support Qualcomm's infringement case and rebut Apple's allegations

17  regarding the nature and effect of Qualcomm's licensing practices. *See In re Ontario Principals'*

18  *Council*, No. 13-MC-80237-LHK-PSG, 2013 WL 6073517, at *3 (N.D. Cal. Nov. 8, 2013)

19  (granting application under § 1782 where the discovery requested was narrowly tailored and

20  "of obvious aid to the foreign tribunal"); *In re Republic of Ecuador*, 2010 WL 3702427, at *5

21  (granting application where applicant "has made a prima facie showing that the information it

22  seeks" has "some relevance" to the foreign proceeding); *see also In re Google Inc.*, No. 14-

23  MC-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014) (granting application

24

25      [5] In this context, the term "SEP" or "standard essential patent" means any patent that is
26  essential for the implementation of any portion of any mobile wireless standard, such that the
    standard, or some part of the standard, could not be practiced without infringing the patent. The
27  term "Non-SEP" or "non-standard essential patent" means any patent that is not technically
28  essential for the implementation of any portion of an industry standard.

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1  under § 1782 for all requested discovery where the relevancy of a particular request was

2  unclear but the applicant "at least plausibly alleged that the information sought is relevant to

3  the international proceedings and is not unduly burdensome").

4        Indeed, former Chief Judge Ware of this District recognized that the receptivity of the

5  German courts "compelled" allowing discovery for use in German patent litigation, as sought here

6  by Qualcomm:

7              Upon review, the Court finds that Nokia has not met its burden of
              demonstrating that the German courts would be unreceptive to U.S.
8              judicial assistance or that Apple's request is an attempt to
              circumvent German proof-gathering restrictions. . . . Nokia
9              presents no evidence to suggest that the German courts would
              disallow such evidence, once Apple has obtained it. Rather,
10             Nokia contends only that German rules of procedure do not
              provide a mechanism for a party to obtain such evidence.
11             However, in recognizing that "[a] foreign nation may limit
              discovery within its domain for reasons peculiar to its own legal
12             practices, culture, or tradition" the Supreme Court anticipated
              situations such as these, and nonetheless found that the objectives
13             of § 1782 compelled discovery.

14  *In re Apple Inc.*, 2012 WL 1570043, at *2.[6]  Still other prior cases have recognized the

15  receptiveness of German courts to the use of discovery obtained through Section 1782.  *See, e.g.*,

16  *Heraeus Kulzer*, 633 F.3d at 596; *Cryolife, Inc.*, 2009 WL 88348, at *3; *In re Minatec Fin.*

17  *S.A.R.L.*, 2008 WL 3884374, at *7 ("[W]e find neither any rejection nor offense taken by the

18  German tribunals to a stateside discovery order.").

19        3.    <u>No Foreign Discovery Restrictions Bar Qualcomm's Requested Discovery</u>

20        Section 1782 does not require that the documents sought be discoverable in the foreign

21  courts.  *Intel*, 542 U.S. at 260-63.  However, a district court may consider whether an applicant

22  was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a

23  foreign country or the United States."  *Id.* at 265; *see also In re Esses*, 101 F.3d 873, 876 (2d Cir.

24  1996) ("[O]nly upon authoritative proof that a foreign tribunal would *reject* evidence obtained

25

26

27    [6]  Judge Ware's analysis similarly shows that another *Intel* discretionary factor—whether the
     discovery is an attempt to circumvent foreign discovery rules—also weighs in favor of granting
28    Qualcomm's *ex parte* application.

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1  with the aid of Section 1782 should a district court refrain from granting the assistance offered by

2  the act.") (emphasis in original).  That is not the case here.  Courts "'err on the side of permitting

3  discovery'" absent information that the foreign tribunal "would reject information obtained

4  through Section 1782 discovery." *In re Eurasian Nat'l Res. Corp.*, No 18-MC-80041-LB, 2018

5  WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (quoting *In re Qualcomm Med. Sys. Intl's AG*, No.

6  16-MC-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016)).  Qualcomm is unaware

7  of any restrictions imposed by German courts on proof-gathering procedures that would prohibit it

8  from obtaining and introducing in the German Proceedings the discovery it seeks through Section

9  1782, and courts within this Circuit have held that discovery pursuant to Section 1782 for use in

10  German patent proceedings is not barred by any German discovery restrictions.  *See, e.g., In re*

11  *Google Inc.*, 2014 WL 7146994, at *3 (granting application under § 1782 to take discovery for use

12  in German patent proceeding where the applicant averred that the German courts "can be expected

13  to be receptive to the information obtained by this request" and holding that there is "nothing to

14  suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions"); *In re*

15  *Apple Inc.*, 2012 WL 1570043, at *2.[7]

16      As noted above, courts have routinely granted applications under Section 1782 for

17  evidence to be used in the German "District" or "Regional" courts at issue here.  *See, e.g.,*

18  *Heraeus Kulzer*, 633 F.3d at 597; *Cryolife, Inc.*, 2009 WL 88348, at *1, *3-5; *In re Minatec*, 2008

19  WL 3884374, at *1.

20      Absent compelling proof that the German courts would reject the discovery sought by

21  Qualcomm from Apple, this factor weighs heavily in Qualcomm's favor.  *Heraeus Kulzer*, 633

22  F.3d at 597 ("Once a section 1782 applicant demonstrates a need for extensive discovery for aid in

23

24      [7]  *See also Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995)

25  (permitting discovery under Section 1782 and observing that court "can simply refuse to consider
   any evidence that [1782 applicant] gathers by what might be—under French procedures—an

26  unacceptable practice"); *In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis.

27  2004) (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district
   court must conclude that the request would undermine a specific policy of a foreign country or the

28  United States").

1  a foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry
2  rhetoric, that allowing the discovery sought (or a truncated version of it) would disserve the
3  statutory objectives."); *Metallgesellschaft v. Hodapp*, 121 F.3d 77, 80 (2d Cir. 1997) ("Absent
4  authoritative proof that a foreign tribunal would reject the evidence obtained with the aid of
5  section 1782 . . . a district court should not refrain from granting the assistance afforded under the
6  Act based simply on allegations to that effect.") (citations and quotations omitted).

7      Accordingly, this *Intel* discretionary factor also weighs in favor of granting Qualcomm's
8  *ex parte* application.

9          4.      Qualcomm's Discovery Is Narrowly Tailored to Avoid Undue Burden
10     The *Intel* Court noted that "unduly intrusive or burdensome requests may be rejected or
11 trimmed." 542 U.S. at 265. Here, Qualcomm's proposed discovery requests are narrowly tailored
12 for use in rebutting specific allegations Apple has raised in the pending German Proceedings and
13 seek many of the same documents Apple should have already produced in pending U.S.
14 litigations. *See* Ex. 2, Subpoena to Apple, Requests 1-3, Infringement (seeking information
15 rebutting Apple's infringement defenses); Requests 4-11, Licensing and Competition Allegations
16 (seeking information concerning Apple's contentions regarding alleged anticompetitive behavior).
17 Qualcomm's requests relate to two discrete categories of discovery (Infringement Allegations, and
18 Licensing and Competition Allegations) and are tied directly to particular allegations Apple has
19 made in its filings in the German Proceedings. (Kapgan Decl. ¶ 8.) Upon information and belief,
20 Apple could produce these documents to Qualcomm with minimal effort since they relate directly
21 to facts and documents Apple has already investigated and put into issue in the German
22 Proceedings and many of which Apple should have already produced in U.S. litigation pending
23 between the parties. Indeed, in its own Section 1782 application seeking similar information for
24 use in the same German Proceedings, Apple relied on Qualcomm's document productions in U.S.
25 litigations as a basis for its application. *In re Apple Inc.*, Case No. 3:18-CV-01055-W-KSC, Dkt.
26 1 at 2-3 (S.D. Cal., May 29, 2018) ("At least some of the discovery that Apple is seeking has
27
28

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1  already been produced in other litigations currently pending between Apple and

2  Qualcomm . . . ."); Kapgan Decl. ¶ 6 and Exhibit A thereto.

3  **V.    CONCLUSION**

4         Because Qualcomm's application satisfies the three statutory requirements of 28 U.S.C.

5  § 1782 and because the *Intel* factors weigh in favor of granting the application, Qualcomm

6  respectfully requests that this Court issue the proposed order attached as Exhibit 1, authorizing

7  Qualcomm to serve Apple with a subpoena in substantially the same form as Exhibit 2.

8  DATED: June 26, 2018                          Respectfully submitted,

9

10                                    Yury Kapgan (SBN 218366)
11                                    yurykapgan@quinnemanuel.com
                                      QUINN EMANUEL URQUHART &
12                                    SULLIVAN, LLP
                                      865 S. Figueroa St., 10th Floor
13                                    Los Angeles, California 90017
                                      Telephone: (213) 443-3000
14                                    Facsimile: (213) 443-3100

15
                                      Attorneys for Applicant
16                                    QUALCOMM INCORPORATED

17

18

19

20

21

22

23

24

25

26

27

28

-12-